# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Alvis Massey,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AvanteUSA, LTD,<br><br>　　　　　　Defendant. | Civil Action No.: 6:13-cv-00401<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, the Plaintiff, Alvis Massey, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Alvis Massey ("Plaintiff"), is an adult individual residing in Palestine, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant AvanteUSA, LTD ("Avante"), is a Texas business entity with an address of 2950 South Gessner Road, Suite 265, Houston, Texas 77063-3751, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $150.00 (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Avante for collection, or Avante was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Avante Engages in Harassment and Abusive Tactics**

10. Within the last year, Defendant contacted Plaintiff in an attempt to collect the Debt by placing calls to Plaintiff's cellular telephone.

11. In a voice message left for Plaintiff, a representative from Defendant rudely stated "You need to call my office today…somebody pay me some f***ing money already, man."

12. Defendant's verbally abusive vulgar language caused Plaintiff to feel harassed.

**C.     Plaintiff Suffered Actual Damages**

13. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

17. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

18. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

19. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

20. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

24.     The Defendant is each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

25.     The Defendant used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

26.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

28.     The acts, practices and conduct engaged in by the Defendant *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

29.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

30. All acts of the Defendant and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to imposition of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 14, 2013

                                              Respectfully submitted,

                                              By */s/ Jody B. Burton*

                                              Jody B. Burton, Esq.
                                              Bar No.: 71681
                                              LEMBERG & ASSOCIATES L.L.C.
                                              1100 Summer Street, 3rd Floor
                                              Stamford, CT 06905
                                              Telephone: (203) 653-2250
                                              Facsimile:  (203) 653-3424
                                              E-mail: jburton@lemberglaw.com
                                              Attorneys for Plaintiff